**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OSMAN MUKELJIC, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-06952-VM |
| Plaintiff, | |
| v. | |
| ALLARITY THERAPEUTICS, INC., THOMAS JENSEN, JAMES G. CULLEM, STEVE R. CARCHEDI, JOAN Y. BROWN, and JENS ERIK KNUDSEN, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF JOSH HAMANN'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Josh Hamann ("Hamann"), submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) appointing Hamann as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Hamann's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of all persons and entities who purchased or otherwise acquired Allarity Therapeutics, Inc. ("Allarity" or the "Company") securities between May 17, 2022 and July 19, 2024, both dates inclusive (the "Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Hamann is the "most adequate plaintiff" as defined by the PSLRA.

Hamann believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Hamann satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff

1

provision, Hamann respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Hamann's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.   FACTUAL BACKGROUND[1]

Allarity is a clinical-stage biopharmaceutical company that develops oncology therapeutics using drug-specific companion diagnostics generated by its Drug Response Predictor technology.

On February 6, 2023, Allarity disclosed that it had "received a letter to produce documents from the SEC and that stated that the staff of the SEC is conducting an investigation . . . to determine if violations of the federal securities laws have occurred" in connection with "disclosures relating to submissions, communications and meetings with the FDA regarding our NDA for Dovitinib or Dovitinib-DRP."

On this news, Allarity's stock price fell 3.8% to close at $0.228 per share on February 6, 2023, thereby injuring investors.

Then, on December 11, 2023, Allarity disclosed that its CEO had been terminated from his role "and all other positions with the Company and its subsidiaries."

On this news, Allarity's stock price fell 13.4% to close at $0.486 per share on December 11, 2023.

Then, on July 22, 2024, Allarity disclosed that it had received a Wells Notice from the SEC "relating to the Company's previously disclosed SEC investigation," advising that "[t]he

---

[1] This section is adapted from the complaint filed in this action (Dkt. No. 1).

Wells Notice relates to the Company's disclosures regarding meetings with the [FDA] regarding the Company's NDA for Dovitinib or Dovitinib-DRP, which was submitted to the FDA in 2021"; that, per the Company's understanding, "all conduct relating to the SEC Wells Notice occurred during or prior to fiscal year 2022"; and "that three of its former officers received Wells Notices from the SEC relating to the same conduct."

On this news, Allarity's stock price fell $0.004, or 2.4%, to close at $0.164 per share on July 22, 2024, thereby injuring investors further.

The complaint filed in this class action alleges that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) Defendants had overstated the Dovitinib NDA's continued regulatory prospects; (2) Allarity and three of its former officers had engaged in illegal, illicit, and/or otherwise improper conduct in connection with the Dovitinib NDA and/or the Dovitinib-DRP PMA; (3) the foregoing misconduct subjected the Company to an increased risk of regulatory and/or governmental scrutiny and enforcement action, as well as significant legal, monetary, and reputational harm; (4) following Allarity's announcement that it was, in fact, being investigated for wrongdoing in connection with the Dovitinib NDA and/or the Dovitinib-DRP PMA, the Company downplayed the substantial likelihood that an enforcement action would result from such investigation; and (5) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

3

As a result of the Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities during the Class Period, members of the class have suffered significant losses and damages.

## III.    ARGUMENT

### A.    Hamann Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

4

As set forth below, Hamann satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Hamann has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Hamann is not aware of any unique defenses the Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Hamann respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Hamann Filed a Timely Motion

Hamann has made a timely motion in response to a PSLRA early notice. On September 13, 2024, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh in Support of Josh Hamann's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Linkh Decl."), Ex. A. Therefore, Hamann had sixty days (*i.e.*, until November 12, 2024) to file a motion to be appointed as lead plaintiff. As a purchaser of Allarity securities during the Class Period, Hamann is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Hamann attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Hamann satisfies the first requirement to serve as lead plaintiff for the class.

### 2.    Hamann Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Hamann

believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Hamann purchased Allarity shares during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial losses of $155,252.02. *See* Linkh Decl., Ex. C. To the best of his knowledge, Hamann is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest and is otherwise adequate. As such, Hamann believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Hamann Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
> (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v.*

*Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a)     Hamann's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Hamann's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Hamann alleges that the Defendants' material misstatements and omissions concerning Allarity's business, operations, and financial prospects violated the federal securities laws. Hamann, like all members of the class, purchased Allarity securities in reliance on the Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Hamann's interests and claims are "typical" of the interests and claims of the class.

### b)     Hamann Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Hamann has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C.

Hamann resides in Katy, Texas, and is an executive of AmSuisse. Hamann is moreover not aware of any conflict between his claims and those of the class. As such, Hamann is adequate to represent the class and should be appointed as lead plaintiff.

> **B.      The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Hamann has retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on his behalf and will retain the firm as the class's lead counsel in the event he is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit D. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## IV.      CONCLUSION

For the foregoing reasons, Josh Hamann respectfully requests that the Court grant his Motion and enter an Order (1) appointing Hamann as Lead Plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: November 12, 2024

**GLANCY PRONGAY & MURRAY LLP**

By: */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
          clinehan@glancylaw.com
          prajesh@glacnylaw.com

*Counsel for Josh Hamann and Proposed Lead
Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

9

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On November 12, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 12, 2024, at Brooklyn, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh