UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OSMAN MUKELJIC, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>          v.<br><br>ALLARITY THERAPEUTICS, INC., THOMAS JENSEN, JAMES G. CULLEM, STEVE R. CARCHEDI, JOAN Y. BROWN, and JENS ERIK KNUDSEN,<br><br>               Defendants. | Case No.  1:24-cv-06952-VM |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JED KLAYME
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ......................................................................................................... 2

ARGUMENT ............................................................................................................................. 6

    I.      KLAYME SHOULD BE APPOINTED LEAD PLAINTIFF .............................. 6

          A.      Klayme Is Willing to Serve as Class Representative .................................. 7

          B.      Klayme Has the "Largest Financial Interest" in the Action ...................... 8

          C.      Klayme Otherwise Satisfies the Requirements of Rule 23 ........................ 9

          D.      Klayme Will Fairly and Adequately Represent the Interests of the
Class and Is Not Subject to Unique Defenses ........................................... 12

    II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE
APPROVED ..................................................................................................... 12

CONCLUSION ......................................................................................................................... 13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*,
No. 17-CV-10085 (VSB), 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) ...................................9

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
141 F.R.D. 229 (S.D.N.Y. 1992) ...........................................................................................10

*Chahal v. Credit Suisse Grp. AG*,
No. 18-CV-2268 (AT) (SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018)...........................8

*Dookeran v. Xunlei Ltd.*,
No. 18-cv-467 (RJS), 2018 WL 1779348  (S.D.N.Y. Apr. 12, 2018) ....................................11

*Fischler v. AMSouth Bancorporation*,
No. 96-1567-Civ-T-17A, 1997 WL 118429 (M.D. Fla. Feb. 6, 1997)...................................10

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) ...........................................................................................11

*Gluck v. CellStar Corp.*,
976 F. Supp. 542 (N.D. Tex. 1997) ........................................................................................10

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001).....................................................................................................8

*In re Comverse Tech., Inc. Sec. Litig.*,
No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) .........................8

*In re Drexel Burnham Lambert Grp., Inc.*,
960 F.2d 285 (2d Cir. 1992).....................................................................................................10

*In re Molson Coors Brewing Co. Sec. Litig.*,
233 F.R.D. 147 (D. Del. 2005) ................................................................................................12

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) .....................................................................................8, 10

*In re Orion Sec. Litig.*,
No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 7, 2008) ..................................10

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) .............................................................................................10

*Janbay v. Canadian Solar, Inc.*,
    272 F.R.D. 113 (S.D.N.Y. 2010) ...................................................................................10

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ......................................................................................9

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
    311 F.R.D. 373 (S.D.N.Y. 2015) ..................................................................................12

*Khunt v. Alibaba Grp. Holding Ltd.*,
    102 F. Supp. 3d 523 (S.D.N.Y. 2015).............................................................................8

*Lax v. First Merchants Acceptance Corp.*,
    No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997).............................................8

*Lax v. First Merchants Acceptance Corp.*,
    No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997).............................................8

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
    No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) .......................8

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) .....................................................................................8

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008)...........................................................................12

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 ................................................. *passim*

**Rules**

Fed. R. Civ. P. 23................................................................................................ *passim*

Jed Klayme ("Klayme") respectfully submits this memorandum of law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Klayme as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired Allarity Therapeutics, Inc. ("Allarity" or the "Company") securities between May 17, 2022 and July 19, 2024, both dates inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

PRELIMINARY STATEMENT

The complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") alleges that Defendants defrauded investors in violation of the Exchange Act. Allarity investors, including Klayme, incurred significant losses following the disclosures of Defendants' alleged fraud, which caused Allarity's share price to fall sharply, damaging Klayme and other Allarity investors.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, Klayme purchased 182,000 shares of Allarity common stock, expended $135,053 on these purchases, retained 182,000 of his shares of Allarity common stock, and, as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $112,425 in connection with his Class Period transactions in Allarity securities. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A. Accordingly,

1

Klayme believes that he has the largest financial interest in the relief sought in this Action. Beyond his considerable financial interest, Klayme also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Klayme has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Klayme respectfully requests that the Court enter an Order appointing him as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaint in the Action, Allarity is a clinical-stage biopharmaceutical company that develops oncology therapeutics using drug-specific companion diagnostics generated by its Drug Response Predictor technology. Allarity's drug candidates include, *inter alia*, Dovitinib, a pan-tyrosine kinase inhibitor for the treatment of renal cell carcinoma ("RCC"). The Company's companion diagnostic technology for Dovitinib is referred to as "DRP®-Dovitinib" or "Dovitinib-DRP."

On April 2, 2021, Allarity's predecessor parent corporation, Allarity Therapeutics A/S, announced that it had submitted a premarket approval application ("PMA") to the U.S. Food and Drug Administration ("FDA") for Dovitinib-DRP (the "Dovitinib-DRP PMA").

2

On December 22, 2021, Allarity issued a press release announcing that it had submitted a new drug application ("NDA") to the FDA seeking marketing approval for Dovitinib for the third-line treatment of RCC patients (the "Dovitinib NDA").

On February 18, 2022, Allarity issued a press release announcing that it had received Refusal to File ("RTF") letters from the FDA for the Dovitinib NDA and the Dovitinib-DRP PMA because "the NDA . . . and the PMA application . . . were not sufficiently complete to permit substantive reviews," noting that "the FDA's cited reasons for the RTF decision primarily include[d], but [we]re not limited to, that submitted clinical trial data do not enable a conclusion of efficacy based on non-inferiority data set" and that, because "the PMA and NDA were filed as related applications, the RTFs also apply to the DRP®-Dovitinib companion diagnostic."

Following these developments, Allarity continued to represent to investors and the market that it remained committed to pursuing the Dovitinib NDA and would work with the FDA to determine a clear regulatory path forward for resubmitting that application.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Defendants had overstated the Dovitinib NDA's continued regulatory prospects; (ii) Allarity and three of its former officers had engaged in illegal, illicit, and/or otherwise improper conduct in connection with the Dovitinib NDA and/or the Dovitinib-DRP PMA; (iii) the foregoing misconduct subjected the Company to an increased risk of regulatory and/or governmental scrutiny and enforcement action, as well as significant legal, monetary, and reputational harm; (iv) following Allarity's announcement that it was, in fact, being investigated for wrongdoing in connection with the Dovitinib NDA and/or the Dovitinib-DRP PMA, the Company downplayed the

3

substantial likelihood that an enforcement action would result from such investigation; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times.

On June 29, 2022, Allarity issued a press release announcing that, "[e]ffective immediately," it had appointed Defendant James G. Cullem ("Cullem"), the Company's current Chief Business Officer, as its interim Chief Executive Officer ("CEO"), and Defendant Joan Y. Brown ("Brown"), the Company's current Director of Financial Reporting, as its interim Chief Financial Officer ("CFO"), and that its former CEO Defendant Steve R. Carchedi ("Carchedi") and former CFO Defendant Jens Knudsen ("Knudsen") had both purportedly "stepped down from those roles to pursue other opportunities."

The next day, Allarity disclosed in a U.S. Securities and Exchange Commission ("SEC") filing that Defendants Carchedi and Knudsen had either "resigned" or been "terminat[ed]" from all positions with the Company and its subsidiaries, while indicating that such "resignation" or "termination" may have been for cause, but without clarifying the same.

Following these disclosures, Allarity's stock price fell $0.31 per share, or 19.02%, to close at $1.32 per share on June 30, 2022.

On August 2, 2022, Allarity issued a press release announcing that "its Board of Directors has mandated a refocus of the Company's oncology pipeline strategy away from development of monotherapies" and, accordingly, "determined that advancing dovitinib as a monotherapy in adults is no longer commercially viable or in the best interests of its shareholders," citing "feedback that the Company recently received from the [FDA] from a Type C advisory meeting held in Q2 2022, regarding a potential Phase 3 clinical development path for dovitinib as a monotherapy third-line treatment for metastatic [RCC]." Accordingly, the

4

Company would no longer pursue the Dovitinib NDA, which sought approval of Dovitinib as a monotherapy.

On this news, Allarity's stock price fell $0.045 per share, or 3.688%, to close at $1.175 per share on August 2, 2022.

On February 6, 2023, Allarity disclosed in an SEC filing that, "[i]n January 2023, we received a letter to produce documents from the SEC and that stated that the staff of the SEC is conducting an investigation . . . to determine if violations of the federal securities laws have occurred" in connection with "disclosures relating to submissions, communications and meetings with the FDA regarding our NDA for Dovitinib or Dovitinib-DRP."

On this news, Allarity's stock price fell $0.009 per share, or 3.8%, to close at $0.228 per share on February 6, 2023.

On December 11, 2023, Allarity disclosed in another SEC filing that, "[o]n December 8, 2023, [Defendant] Cullem was terminated as [CEO] of Allarity . . . and all other positions with the Company and its subsidiaries" and that Defendant Thomas Jensen had been appointed as the Company's new CEO on the same date.

On this news, Allarity's stock price fell $0.075 per share, or 13.37%, to close at $0.486 per share on December 11, 2023.

Then, on July 22, 2024, Allarity disclosed in yet another SEC filing that it had received a Wells Notice from the SEC's staff "relating to the Company's previously disclosed SEC investigation," advising that "[t]he Wells Notice relates to the Company's disclosures regarding meetings with the [FDA] regarding the Company's NDA for Dovitinib or Dovitinib-DRP, which was submitted to the FDA in 2021"; that, per the Company's understanding, "all conduct relating to the SEC Wells Notice occurred during or prior to fiscal year 2022"; and "that three of its

5

former officers"—the same number of Company officers terminated during the Class Period—"received Wells Notices from the SEC relating to the same conduct."

On this news, Allarity's stock price fell $0.004 per share, or 2.38%, to close at $0.164 per share on July 22, 2024.

Finally, on September 13, 2024, Allarity disclosed in yet another SEC filing that, "[o]n September 12, 2024, the Company received a notice of resignation from [Defendant] Brown, its [CFO], effective September 12, 2024."

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiff in the Action and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    KLAYME SHOULD BE APPOINTED LEAD PLAINTIFF

Klayme should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in this litigation to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). In addition, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Klayme satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

A.      Klayme Is Willing to Serve as Class Representative

On September 13, 2024, counsel for plaintiff in the Action caused the statutorily required Notice to be published via *AccessWire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities class action had been filed against Allarity and other defendants, and advising investors in Allarity securities that they had until November 12, 2024—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Lieberman Decl., Ex. B.

Klayme has filed the instant motion pursuant to the Notice, and he has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Klayme satisfies the first requirement to serve as Lead Plaintiff of the Class.

B.    Klayme Has the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii).   To the best of his knowledge, Klayme has the largest financial interest of any Allarity investor or investor group seeking to serve as Lead Plaintiff.   For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered.   No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide,[1] these so-called *Lax* factors have been adopted and routinely applied by courts in this District.   *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).   Of the *Lax* factors, courts in this District tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.   *See Nurlybaev*, 2017 WL 5256769, at *1; *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 530 (S.D.N.Y. 2015).

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).

During the Class Period, Klayme: (1) purchased 182,000 shares of Allarity common stock; (2) expended $135,053 on his transactions in Allarity securities; (3) retained 182,000 of his shares of Allarity common stock; and (4) as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $112,425 in connection with his Class Period transactions in Allarity securities. *See* Lieberman Decl., Ex. A. To the extent that Klayme possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

C.      Klayme Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining whether a lead plaintiff movant satisfies Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). In addition, "[t]ypicality and adequacy of representation are the only provisions [of Rule 23] relevant to a determination of lead plaintiff under the

9

PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997), and *Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997)); *Olsten*, 3 F. Supp. 2d at 296.  Moreover, the Complaint in the Action sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including Klayme.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).  "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

Klayme's claims are typical of those of the Class.  Klayme alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Allarity, or by omitting to state material facts necessary to make the statements they did make not misleading.  Klayme, like other Class members, purchased Allarity securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Allarity's

share price downward.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at \*2 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, Klayme has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz to the Court for approval as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  In addition to Pomerantz, Klayme is also represented by The Schall Law Firm in this litigation.  There is no evidence of antagonism or conflict between Klayme's interests and those of the Class.  Moreover, Klayme has submitted a sworn Certification declaring his commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. C), and Klayme's significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class.

Further demonstrating his adequacy, Klayme has submitted a signed Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class.  *See id.*, Ex. D.

11

D.    Klayme Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption favoring Klayme's appointment as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interests of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Klayme's ability and desire to fairly and adequately represent the Class has been discussed above.  Klayme is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Klayme should be appointed Lead Plaintiff for the Class.

II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See id.* § 78u-4(a)(3)(B)(v).  The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class."  *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Klayme has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of

investors, as detailed in its firm resume submitted herewith. *See* Lieberman Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, Klayme's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Klayme's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Klayme respectfully requests that the Court issue an Order: (1) appointing Klayme as Lead Plaintiff for the Class; and (2) approving Klayme's selection of Pomerantz as Lead Counsel for the Class.

Dated: November 12, 2024                    Respectfully submitted,

                                            POMERANTZ LLP

13

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
James M. LoPiano
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com

*Counsel for Jed Klayme and Proposed Lead Counsel for the Class*

THE SCHALL LAW FIRM
Brian Schall
(*pro hac vice* application forthcoming)
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Jed Klayme*

14